IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAHIM R. CALDWELL, <br><br> Plaintiff, <br><br> v. <br><br> VINELAND CITY MUNICIPAL COURT, et al., <br><br> Defendants. | HON. JEROME B. SIMANDLE <br><br> Civil Action No. 06-2923 (JBS) <br><br> **<u>MEMORANDUM OPINION</u>** |

SIMANDLE, District Judge:

On June 28, 2006, Plaintiff Rahim R. Caldwell, acting Pro Se, filed an application for leave to proceed in forma pauperis accompanied by a proposed Complaint. I reviewed the application for leave to proceed in forma pauperis and find that Mr. Caldwell, based upon his affidavit information, is unable to afford the filing fee. Accordingly, his application is granted pursuant to 28 U.S.C. § 1915(a), and the Clerk of Court will be directed to file the Complaint.

When a complaint is filed in forma pauperis under Section 1915, as in this case, the Court is directed to preliminarily review the allegations of the complaint and to dismiss the case if the Court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted or seeks monetary relief against the defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). I have done so in this case

and determined that the case must be dismissed because it fails to state a claim upon which relief may be granted in this Court.

In reviewing the complaint, the Court assumes that Mr. Caldwell's factual allegations are true and determines whether such facts, if proved, would entitle him to the relief that he seeks.  Mr. Caldwell has brought this case against the Vineland City Municipal Court and Judge Kaspar of that Court.  He alleges that a complaint was filed against him based upon two summonses in the municipal court on February 17, 2006.  He alleges that he appeared in court for trial and he was informed that the court had set a new trial date for August 17, 2006.  He alleges that this violates his right to a speedy trial under the Constitution, and he seeks the dismissal of the two municipal court summonses.

This Court does not have jurisdiction to interfere with an ongoing state court criminal proceeding.  The state court system is separate and independent, and the plaintiff has the means to vindicate his rights within the state court system itself.  If he is dissatisfied with a judgment entered in the municipal court, Mr. Caldwell would have a right, under state law, to appeal to the Superior Court of New Jersey.  He does not have a right to appeal a municipal court decision to the United States District Court, as this Court does not sit in supervision over the state courts.

Moreover, upon the merits of Mr. Caldwell's speedy trial claim, there is no basis for claiming that a two-month delay in a municipal court trial violates the Constitution.  The speedy trial clause is violated where the delay is so substantial and so prejudicial to a defendant's actual ability to defend that there is no remedy but to dismiss.  No case that this Court has found has dismissed a case under the speedy trial clause of the Constitution for such a short delay.  More typically, the speedy trial clause is violated when years of unexplained delay have elapsed to the prejudice of the defendant's ability to address the charges.[1]  Under the facts alleged in Mr. Caldwell's Complaint, which is assumed to be true, it is not even remotely possible that he has sustained a constitutional speedy trial violation by a two-month postponement of a municipal court trial.

Accordingly, the Court finds that the Complaint fails to state a claim upon which relief can be granted, and this Complaint shall be dismissed under 28 U.S.C. § 1915(e)(2).

The accompanying Order will be entered.


**September 22, 2006**             s/ Jerome B. Simandle
Date                               JEROME B. SIMANDLE
                                   U.S. District Judge

---

[1] For example, no speedy trial violation occurs when a delay of three years elapses between indictment and trial, see United States v. Williams, 372 F.3d 96 (2d Cir. 2004), or during a seven-month detention before trial, Wells v. Petsock, 941 F.2d 253 (3d Cir. 1991).