IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RAHIM CALDWELL,

       Plaintiff pro se,      Civil Action
                                   No. 06-2923 (JBS)
  v.

                                   **MEMORANDUM OPINION**

VINELAND CITY MUNICIPAL COURT
and JUDGE KASPAR,

       Defendants,

**SIMANDLE, District Judge**:

    1. This matter comes before the Court on a motion for reconsideration [Docket Item 4] of the Court's sua sponte dismissal of this action for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2).

    2. Local Civil Rule 7.1(i) of the United States District Court, District of New Jersey, governs the instant motion for reconsideration. That rule requires that the moving party set forth the factual matters or controlling legal authority that it believes the court overlooked when rendering its initial decision. L. Civ. R. 7.1(i). Whether to grant reconsideration is a matter within the district court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. DeLong Corp. v. Raymond Int'l Inc., 622 F.2d 1135, 1140 (3d Cir. 1980), overruled on other grounds by Croker v. Boeing Co., 662 F.2d 975 (3d Cir.1981); Williams v.

Sullivan, 818 F. Supp. 92, 93 (D.N.J.1993).  "A party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  Panna v. Firstrust Sav. Bank, 760 F. Supp. 432, 435 (D.N.J. 1991) (internal citations omitted).  Instead, "the party seeking reconsideration [must show] at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available ...; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

3.  Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.  See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, matters may not be introduced for the first time on a reconsideration motion.  See, e.g., Resorts Int'l, Inc. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested

decision.  See Resorts Int'l, 830 F. Supp. at 831 n.3.  Moreover, L.Civ.R. 7.1(i) does not allow parties to restate arguments which the court has already considered.  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  Furthermore, the court will grant a motion for reconsideration only if the movant establishes that the court overlooked "dispositive factual matters or controlling decisions of law."  See Rouse v. Plantier, 997 F. Supp. 575, 578 (D.N.J. 1998); Starr v. JCI Data Processing, Inc., 767 F. Supp. 633, 635 (D.N.J. 1991).  Again, however, "the court may, in the exercise of its discretion, consider evidence offered for the first time on a motion for reargument, particularly if the evidence may lead to a different result."  Former L.Civ.R. 7.1 cmt 6.f.

4.  Plaintiff contends that the Court misconstrued his Complaint because he did not intend to name the Judge Kaspar as a defendant in this action, but only meant to name the Vineland County Municipal Court itself.  Further, Plaintiff contends, his

Complaint mistakenly alleged a two-month delay in his trial, rather than a one-year and two-month delay.

5. The Court shall deny the motion for reconsideration because, as explained in the Court's September 22, 2006 Memorandum Opinion, this Court lacks jurisdiction to review the actions of New Jersey municipal courts. Therefore, even if these facts had been presented to the Court, if the Court had overlooked them, and if Plaintiff's current version of events stated a speedy trial claim, which it does not, the Court's dismissal would still stand because Plaintiff cannot raise these claims about an ongoing state matter in federal district court.

6. For these reasons, the motion for reconsideration shall be denied.


**January 9, 2007**             **s/ Jerome B. Simandle**
Date                            Jerome B. Simandle
                                U.S. District Judge